No. 12-16906

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

HAROLD DeGRAFF,
on behalf of himself and all others similarly situated,
*Plaintiff-Appellant*,

v.

PERKINS COIE CALIFORNIA, P.C., a California corporation, et al.,
*Defendants-Appellees*.

Appeal from the U.S. District Court for the Northern District of California,
No. CV-12-2256 (JSW)

**JOINT STATUS REPORT**

| | |
|---|---|
| Monique Olivier (SBN 190385) | Ronald McIntire (SBN 127407) |
| Duckworth Peters Lebowitz Olivier LLP | Perkins Coie LLP |
| 100 Bush Street, Suite 1800 | 1888 Century Park East Suite 1700 |
| San Francisco, CA 94104 | Los Angeles, CA 90067-1721 |
| Monique@dplolaw.com | RMcIntire@perkinscoie.com |
| *Attorneys for Plaintiff-Appellant* | *Attorneys for Defendants-Appellees* |

## JOINT STATUS REPORT

1. On May 4, 2012, Plaintiff Harold DeGraff filed a putative class action in the U.S. District Court, Northern District of California. The sole asserted basis for federal jurisdiction was diversity under 28 U.S.C. §1332(d)(2), the Class Action Fairness Act.

2. On June 6, 2012, Defendants Perkins Coie California, P.C. and Perkins Coie LLP filed a motion to compel arbitration and to dismiss or stay the action.

3. On July 30, 2012, the District Court granted Defendants' motion after severing the confidentiality provision of the arbitration agreement, entered judgment in favor of Defendants, and dismissed Plaintiff's complaint with prejudice.

4. On August 28, 2012, Plaintiff filed a timely notice of appeal. The appeal was briefed and set for oral argument on November 21, 2014.

5. On November 19, 2014, this Court issued an order directing the parties to be prepared to discuss whether the District Court had jurisdiction under 28 U.S.C. § 1332(d)(2).

6. On November 20, 2014, counsel for Defendants informed counsel for Plaintiff that he had learned that the number of members in the putative class, which was alleged to be all persons treated as "shareholder/ employees" of Perkins Coie California, P. C. at any time since May 4, 2008, is less than the jurisdictional minimum of 100 individuals.

7. On December 4, 2014, counsel for Defendants provided to counsel for Plaintiff documentation that the putative class was less than the jurisdictional minimum at the time the complaint was filed (and up until the present time), including a sworn declaration under oath by the appropriate custodian of records.

8. Accordingly, the parties agree that the District Court did not have original jurisdiction over this case, and this Court did not and does not have jurisdiction over the appeal.

9. The parties, therefore, request that the order and judgment of the District Court be vacated, the appeal be dismissed, and that this Court remand with instructions to dismiss the case without prejudice for lack of jurisdiction. *See Frigard v. United States,* 862 F.2d 201, 204 (9th Cir.1988).


Dated: December 5, 2014					Respectfully submitted,

							 /s/Monique Olivier*
							Monique Olivier
							Attorney for Plaintiff-Appellant


Dated: December 5, 2014					Respectfully submitted,

							 /s/Ronald McIntire
							Ronald McIntire
							Attorney for Defendants-Appellees


*I, Monique Olivier, attest that all other parties on whose behalf this filing is submitted concur in the filing's content.

## PROOF OF SERVICE

I hereby certify that on December 5, 2014, I electronically filed the within JOINT STATUS REPORT with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated:  December 5, 2014			DUCKWORTH PETERS
					LEBOWITZ OLIVIER LLP

					 /s/Monique Olivier
					Monique Olivier
					Attorney for Plaintiff-Appellant